UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:**
**08-60772-CIV-MORENO**

SIGMA TECH SALES, INC.,

    Plaintiff,

vs.

TRAVELERS INDEMNITY COMPANY, a Connecticut corporation, THE PHOENIX INSURANCE COMPANY, a Connecticut corporation, THE CHARTER OAK FIRE INSURANCE COMPANY, a Connecticut corporation,

    Defendants.
_____/



## ORDER GRANTING DEFENDANTS' SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Sigma Tech Sales, Inc. brought this action for declaratory relief against Defendants Travelers Indemnity Company, The Phoenix Insurance Company, and the Charter Oak Fire Insurance Company. Sigma Tech alleges that the Defendants have a duty to defend and to indemnify it in a separate litigation brought against Sigma Tech by Office Depot, Inc. Previously, Sigma Tech had purchased commercial liability insurance policies from the Defendants. When the Defendants refused to extend coverage to Sigma Tech for the Office Depot litigation, Sigma Tech brought suit against the Defendants. Before the Court are cross summary judgment motions filed by the parties. The dispositive issue before the Court is whether the insurance policy's coverage for "advertising injury" applies to Office Depot's suit against Sigma Tech. Office Depot sued Sigma Tech for breach of contract, negligent misrepresentation, and fraudulent misrepresentation after Sigma Tech allegedly

failed to fund rebates that it had offered on products that it sold to Office Depot. Sigma Tech argues that Office Depot's complaint alleges injuries suffered because of Sigma Tech's advertising. Defendants disagree, and argue that Office Depot's claim amounts to an alleged breach of contract, excluded from coverage under Sigma Tech's policy.

The Court finds that Office Depot's complaint does not allege an advertising injury and thus Defendants have no duty to defend or to indemnify Sigma Tech. Even if there were such duties, the exclusion in the insurance policies for an advertising injury arising from a breach of contract precludes coverage. Therefore, it is

**ADJUDGED** that Defendants' Motion For Summary Judgment **(D.E. No. 37)** is GRANTED, and Sigma Tech's Motion for Partial Summary Judgment **(D.E. No. 61)** is DENIED. All other pending motions are DENIED as MOOT.

## BACKGROUND

**I. The Parties and Basis for This Lawsuit**

Sigma Tech is a Florida corporation in the business of buying and selling electronic products. Defendants Travelers, Phoenix, and Charter Oak are insurance companies based in Hartford, Connecticut. Defendants maintain offices and agents in Broward County, Florida. Sigma Tech alleges that it acquired a "Commercial Insurance Policy" from Travelers and Phoenix, and a "Commercial Excess Liability (Umbrella) Insurance Policy" from Travelers. The basis for the instant case arises from Sigma Tech's sale of electronics products along with a vendor rebate program to Office Depot. In reliance on a contract signed with Sigma Tech and a third party, Wintergreen, Office Depot advertised vendor rebates on its products to its customers. Office Depot claims that the contract required Sigma Tech and Wintergreen to fund rebates to be paid by a separate rebate

processing company to Office Depot's customers. Sigma Tech allegedly knew, and intended, that Office Depot would advertise its products with vendor rebates. In March 2007, Wintergreen allegedly stopped funding the rebate program, which halted all rebate payments to Office Depot's customers. On or about March 23, 2007, Office Depot demanded that Sigma Tech and Wintergreen fund all outstanding rebates. In the meantime, Office Depot was forced to pay the rebates to its customers without reimbursement from Sigma Tech or Wintergreen.

Based on Wintergreen's and Sigma Tech's alleged cessation of their contractually promised rebate payments, Office Depot filed suit on or about July 9, 2007 in the Circuit Court of the 15th Judicial Circuit in Palm Beach County, Florida.[1] The suit alleged breach of contract, common law indemnification, breach of third party beneficiary, promissory estoppel, negligent misrepresentation, and fraudulent misrepresentation against Sigma Tech. When Sigma Tech first learned of the potential suit by Office Depot, it sent notice of the claim to Travelers, seeking coverage and indemnification for the litigation. Travelers refused to provide coverage, and in response, Sigma Tech filed suit seeking declaratory relief as to the Defendants' duty to defend and to indemnify Sigma Tech in the Office Depot litigation.

## II. The Applicable Insurance Policies

On February 28, 2006, Sigma Tech acquired a Commercial Insurance Policy from Phoenix that covered the policy period of February 27, 2006 to February 27, 2007. An endorsement to the policy, entitled "WEB XTEND LIABILITY," modified the coverage for personal and advertising injury liability. The endorsement stated in relevant part that Sigma Tech would be covered for "'advertising injury' caused by an offense committed in the course of advertising [its] goods,

---

[1] *Office Depot, Inc. v. Sigma Tech Sales*, No. 2007-CA-011293 (15th Fla. Cir. Ct. July 12, 2007).

products, or services;" Section V of the policy defines "advertising injury" as:

> injury [] arising out of one or more of the following offenses:
>
> a. Oral, written, or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that claim is made or "suit" is brought by a person or organization that claims to have been slandered or libeled, or whose goods, products or services have allegedly been disparaged;
>
> b. Oral, written or electronic publication of material that appropriates a person's likeness, unreasonably places a person in a false light or gives unreasonable publicity to a person's private life; or
>
> c. Infringement of copyright, title or slogan, provided that claim is made or "suit" is brought by a person or organization claiming ownership of such copyright, title or slogan.

Separately, Travelers issued a Commercial Excess Liability Insurance Policy to Sigma Tech, also covering the period February 27, 2006 to February 27, 2007. Section I of the policy stated that Travelers would cover Sigma Tech for the "ultimate net loss" in excess of the applicable underlying limit which Sigma Tech would be liable to pay a third party due to an "advertising injury."

## DISCUSSION[2]

The central dispute between the parties in this case is whether Office Depot alleges that it suffered an "advertising injury" caused by Sigma Tech's "advertising activity," as contemplated by the policies. Sigma Tech argues that Office Depot's claims are based on alleged "advertising injuries" covered by the policies. Defendants counter that Sigma Tech's alleged failure to pay Office Depot

---

[2] The Court notes that discovery was not completed when Sigma Tech filed its opposition to the Defendant's motion for summary judgment. While the Court acknowledges that generally, it should defer ruling on summary judgment until after the completion of discovery, it finds an adequately developed record that warrants a ruling on the summary judgment motions now. *See Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1219 (11th Cir. 2000) (finding that the District Court has discretion to rule on a motion for summary judgment before the completion of discovery).

promised rebates does not constitute an "advertising injury." Instead, the Defendants argue that Office Depot's claims amount to a breach of contract claim, excluded by the policies. For the reasons stated below, the Court agrees with the Defendants that Sigma Tech should not receive coverage or indemnification in the Office Depot litigation. Summary judgment in favor of the Defendants, and not Sigma Tech, is therefore appropriate.

**I. Summary Judgment Standard**

Summary judgment is authorized where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The nonmovant must present more than a scintilla of evidence in support of the nonmovant's position. A jury must be able reasonably to find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

**II. Duty to Defend**

Sigma Tech argues that the Defendants have a duty to defend and to indemnify it in the Office Depot litigation because Office Depot's allegations constitute "advertising injuries" as contemplated by the governing insurance policies between Sigma Tech and the Defendants. Defendants counter that the gravamen of Office Depot's suit is an alleged breach of contract, and not an "advertising injury" as defined by the policies.

*A. Florida Insurance Law Standards*

As this case is before the Court under its diversity jurisdiction, and without dispute from the parties, Florida law governs the interpretation of the applicable insurance policies. An insurer has a duty to defend the insured where the underlying complaint's factual allegations "fairly and potentially bring the suit within policy coverage." *Jones v. Fla. Ins. Guar. Ass'n*, 908 So. 2d 435, 442-43 (Fla. 2005). When in doubt, the Court must err on the side of enforcing the insurer's duty to defend. *Id.* at 443. Of course, the use of "[c]onclusory 'buzz' words unsupported by factual allegations are not sufficient to trigger coverage." *State Farm Fire and Cas. Co.*, 393 F.3d 1226, 1230 (11th Cir. 2004) (citing *Amerisure Ins. Co. v. Gold Coast Marine Distribs., Inc.*, 771 So. 2d 579, 582 (4th Fla. DCA 2000)).

Florida insurance law requires the Court to construe the applicable insurance policies based on the express language of the contracts. *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000). Any ambiguity as to the policy language must be construed broadly in favor of the insured. *Id.* At issue here is whether the coverage for "advertising injury" in the Commercial Insurance Policy applies to the underlying allegations made by Office Depot against Sigma Tech. Eleventh Circuit precedent has established a three-part test for the Court to decide whether Sigma Tech allegedly committed an "advertising injury," requiring the Defendants to defend Sigma Tech: (1) the suit must have alleged a cognizable advertising injury; (2) the infringing party must have engaged in advertising activity; and (3) there must have been some causal connection between the advertising injury and the advertising activity. *State Farm*, 393 F.3d at 1231 (citing *Hyman v. Nationwide Mut. Fire Ins. Co.*, 304 F.3d 1179, 1187 & n.7 (11th Cir. 2002)). Because Sigma Tech fails to satisfy these elements, the Defendants have no duty to defend Sigma Tech.

*B. Office Depot Did Not Allege an "Advertising Injury" Against Sigma Tech*

Pursuant to Florida law, the Court begins with the language of the insurance policies in concluding Sigma Tech fails to show that Office Depot suffered a "cognizable advertising injury." *See State Farm*, at 1232. In regards to corporate entities, Section V of the WEB XTEND LIABILITY Endorsement unambiguously defines an "advertising injury" as one of two possible acts: (1) published material that slanders or libels an organization or disparages an organization's goods, products, or services; or (2) copyright, title, or slogan infringement.[3]

Office Depot did not allege either type of advertising injury in its complaint against Sigma Tech. Instead, Sigma Tech describes the crux of Office Depot's complaint as "causes of action allegedly arising out of Sigma Tech's advertising and sale of electronic products to Office Depot." Pl. Compl. at ¶ 5. Despite Sigma Tech's urging, the mere use of the "buzz word" "advertising" in Office Depot's complaint does not sufficiently allege an "advertising injury" as contemplated by the policy. *See State Farm*, at 1230. Sigma Tech's own Complaint concedes that the basis of Office Depot's suit is its allegation that "Sigma Tech had breached a written agreement...by allegedly failing to fund rebates." Pl. Compl. at ¶ 16. Office Depot's alleged injury has nothing to do with an "advertising injury," thus precluding it from receiving coverage from the Defendants.

*C. Office Depot Does Not Allege that Sigma Tech Engaged in Advertising Activities*

Because the insurance policies do not define "advertising activity," the Court looks to its "ordinary meaning." *Hyman*, 304 F.3d at 1188. The Court follows the Eleventh Circuit's accepted definition in *Hyman* of the term as an activity that "call[s] something to the attention of the public." *Id.* Here, it is unclear whether Sigma Tech engaged in an advertising activity related to its funding of vendor rebates to Office Depot customers. Office Depot's complaint alleges only that

---

[3] The second type of advertising injury defined by the insurance policy only applies to individuals.

"Wintergreen embarked on a marketing strategy whereby it issued vendor rebates." Office Depot Compl. At ¶ 11. It appears from Sigma Tech's complaint, and Office Depot's allegations, that Sigma Tech did not call anything "to the attention of the public." *Hyman*, at 1188. At best, Sigma Tech made allegedly false representations to Office Depot about its funding of vendor rebates, which falls short of public dissemination.

*D. Sigma Tech Fails to Show Causation*

Were the Court to find that Sigma Tech satisfied the first two elements, Sigma Tech still fails to allege a causal relationship between its conduct and Office Depot's injury as contemplated by the relevant policies. Office Depot does not allege that Sigma Tech's *advertising activity* caused an *advertising injury*. Instead, Sigma Tech's alleged failure to fund vendor rebates to Office Depot's customers caused Office Depot's financial injury. And as to Office Depot's misrepresentation allegations, Sigma Tech's failure to provide promised funding of vendor rebates potentially caused Office Depot's injury. But a misrepresentation does not constitute an "advertising activity," nor can the Court classify the resulting harm to Office Depot as one of the defined types of advertising injuries defined by the policies.

**III. Duty to Indemnify**

Under Florida law, a duty to defend is broader than a duty to indemnify. *Keen v. Fla. Sheriffs' Self-Ins.*, 962 So. 2d 1021, 1024 (Fla. 4th DCA 2007). While the Court determines the former based on the allegations brought against the insured, the latter turns on "the underlying facts of the case." *State Farm Fire & Casualty Co. v. CTC Dev. Corp.*, 720 So. 2d 1072, 1077 n.3 (Fla. 1998). Upon review of the factual underpinnings of this suit, it is clear that the Defendants have no duty to indemnify Sigma Tech for its potential liabilities. Even assuming all of Office Depot's factual

allegations are true, the Court still finds no coverage for Sigma Tech in the policies issued by Defendants.

For the reasons that the Court finds that Defendants have no duty to defend Sigma Tech in the Office Depot litigation, the Court likewise finds that Defendants owe no duty to indemnify Sigma Tech. *See Casualty Indem. Exch. v. Small Fry, Inc.*, 709 F. Supp. 1144 (S.D. Fla. 1989) (finding no duty to indemnify after concluding that insurer had no duty to defend).[4]

**IV. The Breach of Contract Exclusion**

Even assuming *arguendo* that Sigma Tech alleged an advertising injury, the exclusion in the insurance policies for an advertising injury arising from a breach of contract precludes coverage. Under Florida law, an insurance policy exclusion relieves the insurer of its duty to defend the insured's claim. *See e.g. Underwriters at Lloyd's of London v. McCaul*, 949 So.2d 1137, 1140 (Fla. 3d DCA 2007). Office Depot alleges in the underlying suit that Sigma Tech "refused to honor the terms of the Contract" by failing to fund rebates. Office Depot Compl. at ¶ 35. The WEB XTEND LIABILITY Endorsement excludes from coverage an "[a]dvertising injury"...arising out of a breach of contract. Thus, the breach of contract exclusion precludes Sigma Tech from receiving coverage or indemnification by the Defendants in the Office Depot litigation.

## CONCLUSION

Based on the Court's reading of the relevant policies' unambiguous language, the Defendants have no duty to defend or to indemnify Sigma Tech. Accordingly, the Court grants summary judgment in favor of the Defendants.

---

[4] *See also Nationwide Mut. Fire Ins. Co. v. Royall*, 588 F. Supp. 2d 1306, 1316 (M.D. Fla. 2008) (citing *Fun Spree Vacations, Inc. v. Orion Ins. Co.*, 659 So. 2d 419, 422 (Fla. 3d DCA 1995)); *Council v. Paradigm Ins. Co.*, 133 F. Supp. 2d 1339, 1344 (M.D. Fla. 2001).

DONE AND ORDERED in Chambers at Miami, Florida, this 18th day of February, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record